## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| **UNITED STATES OF AMERICA** | : | No. 4:18-CR-267 |
| | : | |
| v. | : | (Brann, J.) |
| | : | |
| **BRIAN MELLOTT**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count One

   of the Indictment, which charges the defendant with a violation

   of Title 18, United States Code, § 371, conspiracy to defraud the

   United States by obstructing the lawful function of the federal

   government, and to violate the Clean Air Act. The maximum

   penalty for that offense is imprisonment for a period of five

   years, a fine of $250,000, a maximum term of supervised release

of three years, to be determined by the court, which shall be
served at the conclusion of and in addition to any term of
imprisonment, the costs of prosecution, denial of certain federal
benefits, and an assessment in the amount of $100. At the time
the guilty plea is entered, the defendant shall admit to the court
that the defendant is, in fact, guilty of the offense charged in
that count. After sentencing, the United States will move for
dismissal of the remaining counts of the indictment. The
defendant agrees, however, that the United States may, at its
sole election, reinstate any dismissed charges, or seek additional
charges, in the event that any guilty plea entered or sentence
imposed pursuant to this Agreement is subsequently vacated,
set aside, or invalidated by any court. The defendant further
agrees to waive any defenses to reinstatement of any charges, or
to the filing of additional charges, based upon laches, the
assertion of speedy trial rights, any applicable statute of
limitations, or any other ground. The calculation of time under

2

the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Venue Waiver</u>.  The defendant agrees to knowingly waive the right to challenge venue in the United States District Court for the Middle District of Pennsylvania.

3. <u>Term of Supervised Release</u>.  The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's

3

involvement in the offense described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

5. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could

4

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. Inmate Financial Responsibility Program. If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. Special Assessment. The defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

5

District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

    a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

    b. to submit to interviews by the Government regarding the defendant's financial status;

    c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

d.  whether represented by counsel or not, to consent to contact
    by and communication with the Government, and to waive
    any prohibition against communication with a represented
    party by the Government regarding the defendant's
    financial status;

e.  to authorize the Government to obtain the defendant's
    credit reports in order to evaluate the defendant's ability to
    satisfy any financial obligations imposed by the court; and

f.  to submit any financial information requested by the
    Probation Office as directed, and to the sharing of financial
    information between the Government and the Probation
    Office.

## C. Sentencing Guidelines Calculation

10. Determination of Sentencing Guidelines. The defendant and
    counsel for both parties agree that the United States Sentencing
    Commission Guidelines, which took effect on November 1, 1987,
    and its amendments, as interpreted by *United States v. Booker*,
    543 U.S. 220 (2005), will apply to the offense or offenses to

7

which the defendant is pleading guilty. The defendant further
agrees that any legal and factual issues relating to the
application of the Federal Sentencing Guidelines to the
defendant's conduct, including facts to support any specific
offense characteristic or other enhancement or adjustment and
the appropriate sentence within the statutory maximums
provided for by law, will be determined by the court after
briefing, a pre-sentence hearing, and/or a sentencing hearing.

11. Acceptance of Responsibility– Two/Three Levels. If the
defendant can adequately demonstrate recognition and
affirmative acceptance of responsibility to the Government as
required by the Sentencing Guidelines, the Government will
recommend that the defendant receive a two- or three-level
reduction in the defendant's offense level for acceptance of
responsibility. The third level, if applicable, shall be within the
discretion of the Government under U.S.S.G. § 3E1.1. The
failure of the court to find that the defendant is entitled to a

8

two- or three-level reduction shall not be a basis to void this Plea Agreement.

12. Specific Sentencing Guidelines Recommendations. With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

a. **Pursuant to U.S.S.G. § 2Q1.2(b)(1)(A), the offense resulted in an ongoing, continuous, and repetitive discharge, release and emission of a hazardous and toxic substance into the environment.**

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The parties agree that a sentence within this range of the Sentencing Guidelines is a reasonable sentence under the facts and circumstances of this case. The defendant understands that this recommendation is not binding upon either the court or the United States Probation Office, which may make different findings as to the application of the

9

Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D. Sentencing Recommendation

13. Appropriate Sentence Recommendation. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

14. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United

10

States may recommend that the court impose one or more special conditions, including but not limited to the following:

a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c. The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e. The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f. The defendant be confined in a community treatment center, halfway house, or similar facility.

11

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of
occupations or with certain individuals, if the Government
deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse
counseling, which may include testing to determine whether
the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or
psychological counseling and treatment in a program
approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including
contracts, grants, loans, fellowships and licenses.

m.  The defendant be directed to pay any state or federal taxes
and file any and all state and federal tax returns as
required by law.

12

## E. Restitution

15. Restitution. The defendant agrees that the Government will
    seek and the court may impose an order of restitution as to
    victims of the defendant's relevant conduct. With respect to the
    payment of restitution, the defendant further agrees that, as
    part of the sentence in this matter, the defendant shall be
    responsible for making payment of restitution in full, unless the
    defendant can demonstrate to the satisfaction of the court that
    the defendant's economic circumstances do not allow for the
    payment of full restitution in the foreseeable future, in which
    case the defendant will be required to make partial restitution
    payments. In addition to the schedule of payments that may be
    established by the court, the Defendant understands and agrees
    that, pursuant to the Mandatory Victims Restitution Act of
    1996 and the Justice For All Act of 2004, victims of Federal
    Crime are entitled to full and timely restitution. As such, these
    payments do not preclude the government from using other
    assets or income of the Defendant to satisfy the restitution

13

obligation. The Defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or

superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing

15

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

## F.  Information Provided to Court and Probation Office

16. Background Information for Probation Office.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

17. Objections to Pre-Sentence Report.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, sentencing guideline

ranges, and policy statements contained in or omitted from the

report.  The defendant agrees to meet with the United States at

16

least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges

17

that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

19. Non-Limitation on Government's Response. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. Court Not Bound by Plea Agreement

20. Court Not Bound by Terms. The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties. Thus, the court is

18

free to impose upon the defendant any sentence up to and
including the maximum sentence of imprisonment for five
years, a fine of $250,000, a maximum term of supervised release
of up to three years, which shall be served at the conclusion of
and in addition to any term of imprisonment, the costs of
prosecution, denial of certain federal benefits, and assessments
totaling $100.

21. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any pleas should the court decline to
follow any recommendations by any of the parties to this
Agreement.

## H. **Breach of Plea Agreement by Defendant**

22. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligations under this
Agreement, then the United States shall, in its discretion, have

19

the option of petitioning the court to be relieved of its
obligations. Whether the defendant has completely fulfilled all
of the obligations under this Agreement shall be determined by
the court in an appropriate proceeding during which any
disclosures and documents provided by the defendant shall be
admissible, and during which the United States shall be
required to establish any breach by a preponderance of the
evidence. In order to establish any breach by the defendant, the
United States is entitled to rely on statements and evidence
given by the defendant during the cooperation phase of this
Agreement, if any.

23. Remedies for Breach. The defendant and the United States
agree that in the event the court concludes that the defendant
has breached the Agreement:

a. The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

20

b. The United States will be free to make any recommendations to the court regarding sentencing in this case;

c. Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d. The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

24. Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges

21

and agrees that if the government receives information that the
defendant has committed new crimes while awaiting plea or
sentencing in this case, the government may petition the court
and, if the court finds by a preponderance of the evidence that
the defendant has committed any other criminal offense while
awaiting plea or sentencing, the Government shall be free at its
sole election to either: (a) withdraw from this Agreement; or (b)
make any sentencing recommendations to the court that it
deems appropriate. The defendant further understands and
agrees that, if the court finds that the defendant has committed
any other offense while awaiting plea or sentencing, the
defendant will not be permitted to withdraw any guilty pleas
tendered pursuant to this Plea Agreement, and the government
will be permitted to bring any additional charges that it may
have against the defendant.

## I. **Deportation**

25. Deportation/Removal from the United States. The defendant
    understands that, if defendant is not a United States citizen,

22

deportation/removal from the United States is a possible
consequence of this plea. The defendant further agrees that
this matter has been discussed with counsel who has explained
the immigration consequences of this plea. Defendant still
desires to enter into this plea after having been so advised.

## J. Other Provisions

26. Agreement Not Binding on Other Agencies. Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

27. No Civil Claims or Suits. The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter. By the defendant's guilty plea in

23

this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

28. Plea Agreement Serves Ends of Justice.  The United States is
entering into this Plea Agreement with the defendant because
this disposition of the matter fairly and adequately addresses
the gravity of the series of offenses from which the charges are
drawn, as well as the defendant's role in such offenses, thereby
serving the ends of justice.

29. Merger of All Prior Negotiations.  This document states the
complete and only Plea Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, including the plea agreement provided on or about
January 31, 2018, whether written or oral.  The defendant
agrees that he and his current or former counsel have discussed
the rejected plea offer stated above as well as this plea

24

agreement. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

30. Defendant is Satisfied with Assistance of Counsel. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and

25

other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

31. Deadline for Acceptance of Plea Agreement. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., May 31, 2019, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

32. Required Signatures. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

26

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

8/1/19
Date

BRIAN MELLOTT
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/9/19
Date

GERALD LORD, ESQ.
Counsel for Defendant

DAVID J. FREED
United States Attorney

8/13/19
Date

By: _____
PHILLIP J. CARABALLO
Assistant United States Attorney

8/13/19
Date

By: _____
SEAN CAMONI
Assistant United States Attorney

27